**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| FURMINATOR, INC., ) <br> (f/k/a F/M Acquisition Corp.), ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> PETVAC GROUP LLC, ) <br> ) <br> Defendant. ) <br> _____ ) | CASE NO. 2:08-cv-00338 |

## **MOTION FOR CONTEMPT**

More than one week after the entry of an injunction preventing PetVac Group LLC ("PetVac") from continued infringing activity of FURminator's patent, PetVac continues to offer its infringing ShedEliminator product for sale via the internet. This is a plain violation of this Court's injunction. As such, PetVac and its CEO Evan Matsumoto, should be found to be in contempt of the judgment entered August 26, 2011.

On August 26, 2011, this Court entered a permanent injunction prohibiting PetVac from the "manufacture, use, sell, distribute, offer for sale, display on any website or in any form of advertisement, or import into the United States the PetVac ShedEliminator tool or any tool that is not more than colorably different from the PetVac ShedEliminator tool." ECF No. 78. This Order was to take effect seven days from the date of this Order, or September 2, 2011. *Id*. As of today, PetVac still displays the ShedEliminator tool on its website, www.mypetvac.com. Exhibit 1. The footer on the home page of the website purports to reserve the copyright in that webpage to PetVac. Exhibit 1-A. PetVac also continues to violate the injunction by offering for sale the Shed Eliminator tool. (Specifically, on page 16 of 1-A) In particular, the mypetvac.com website continues to enable a user to place a ShedEliminator in a virtual "cart" for purchase.

This Court has broad discretion to enforce its own injunctive decrees. *See Tivo Inc. v. EchoStar Corp.*, 646 F.3d 869, 881 (Fed. Cir. 2011) (en banc). Following the *Tivo* case, all that is required to initiate contempt proceedings is a "detailed accusation from the injured party setting forth the alleged facts constituting contempt." *Id*. Good faith (to the extent PetVac intends to argue that its actions were in error) is not a defense to civil contempt. *Additive Controls & Measurement Sys., Inc. v. Flowdata, Inc*., 154 F.3d 1345, 1353 (Fed. Cir. 1998). To demonstrate contempt, FURminator is required to show "1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *American Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000). The central questions before the Court are whether the injunction is enforceable (it is) and violated (it is). *Tivo*, 646 F.3d at 881.

Here, the inquiry is simple. PetVac stipulated to the injunction in open court. ECF No. 79, at Exhibit 1, p. 3. Thus PetVac cannot contest its enforceability. The injunction, which went into effect on September 2, 2011, prohibits PetVac from several activities, including displaying the Shed Eliminator tool on any website, selling the ShedEliminator, and/or offering the ShedEliminator tool for sale. ECF No. 78. PetVac continues at least some of these activities more than a week after the injunction went into effect. Exhibit 1. This is not a matter of a redesign of an infringing product. This is the very infringing product identified in the injunction. PetVac has plainly refused to abide by the terms of the injunction to which it stipulated in open court.

The purpose of a contempt sanction is to coerce compliance and to compensate complainant for losses sustained. *American Airlines*, 228 F.3d at 585. If the order compensates the complainant for losses resulting from the improper conduct, it is compensatory. *Id*. Here,

FURminator has expended attorneys' fees in bringing this motion and additional sales of an infringing product may have been made.  As such, FURminator requests that the Court order PetVac to compensate it for its reasonable attorneys' fees in bringing this motion and requests that the Court order an accounting of PetVac's sales following the date of the injunction, September 2 to determine any additional damages sustained by FURminator.  Further, to ensure compliance with the Court's injunction, FURminator requests that this Court sanction PetVac $1,000 per day if compliance with the injunction is not made within 24 hours of this Court's Order on contempt.  Given the action notice given to PetVac and its CEO Evan Matsumoto (and Mr. Matsumoto's inclusion in the injunction as an officer of the company), FURminator requests that liability for this sanction be joint and several.

For the foregoing reasons, FURminator respectfully requests that this Court:

1. issue an immediate show cause order requiring Defendant PetVac Group LLC to demonstrate why it is not in contempt of the judgment entered in this case;

2. assess sanctions against PetVac Group LLC for FURminator's reasonable attorneys' fees in bringing the motion;

3. order an accounting to determine any continued willful infringement of the patent in suit; and

4. assess sanction against PetVac and its CEO Evan Matsumoto $1,000 per day if compliance with the injunction is not done within 24 hours of this Court's Order on contempt.

- 4 -

                          Respectfully submitted,

                          **Truelove Law Firm PLLC**

                          By:/s/ J. Kurt Truelove
                          J. Kurt Truelove
                          207 N. Wellington St.
                          P.O. Box 1409
                          Marshall, Texas 75671
                          (903) 935-3004
                          (903) 215-8510 (fax)

                          and

                          **Thompson Coburn LLP**

                          Steven E. Garlock
                          David B. Jinkins
                          Matthew A. Braunel
                          One US Bank Plaza
                          St. Louis, MO  63101
                          (314) 552-6000
                          (314) 552-7000 (fax)

                          *Attorneys for the Plaintiff*
                          *FURminator, Inc.*

## CERTIFICATE OF CONFERENCE

    Plaintiff's counsel has attempted to contact counsel for PetVac to resolve the matters presented in the foregoing motion.  Those attempts to reach PetVac's counsel have not been successful.  For these reasons, the motion should be treated as opposed.

    This 13th day of September 2011.

                          /s/ J. Kurt Truelove

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U.S. First Class Mail on September 13, 2011.

/s/ J. Kurt Truelove