IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| FURMINATOR, INC., ) | |
| ) | |
| Plaintiff, ) | CASE NO. 2:08-cv-00338 |
| v. ) | |
| ) | |
| PETVAC GROUP LLC, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MOTION FOR CONTEMPT REGARDING KENT ROWALD

Defendant PetVac Group LLC ("PetVac") and its attorney, Kent Rowald, having previously been found to have falsified evidence presented to this Court, continue to ignore the Orders of the Eastern District of Texas. Several months ago, this Court (Judge Ward presiding) entered judgment against PetVac and assessed sanctions against PetVac and Kent Rowald based on the litigation misconduct arising from the false email presented to this Court as evidence and the effort to prevent FURminator from discovering the false nature of the email. ECF No. 73, 78, and 81. This Court awarded FURminator its attorneys' fees in the amount of $60,000 as a sanction against Mr. Rowald and PetVac, making the liability joint and several. ECF No. 81. As of the date of this motion, neither Mr. Rowald nor PetVac have paid any money or made any effort to comply with this Order. FURminator already has a motion for contempt pending against PetVac. See ECF No. 80. FURminator now moves for an order finding Mr. Rowald to be in contempt of its Order of September 30, 2011.

On September 30, this Court entered an Order assessing FURminator's attorneys' fees against Mr. Rowald and PetVac in the amount of $60,000. ECF No. 81. This Order specifies "that, attorneys' fees and costs shall be assessed against Defendant PetVac Group LLC and Mr.

Kent Rowald, jointly and severally in the amount of $ 60,000." *Id*. This Order further specified that "Mr. Rowald and PetVac Group LLC shall pay to FURminator, Inc. the sum of $60,000 … made payable to 'Thompson Coburn LLP' and delivered to Mr. David Jinkins, Thompson Coburn LLP, One US Bank Plaza, St. Louis, Missouri 63101." *Id*. Mr. Jinkins has not received a check from either PetVac or Mr. Rowald relating to payment of the attorneys' fees and costs assessed. See Exhibit 1, Declaration of D. Jinkins. FURminator has inquired about the status of payment previously and demanded payment. *See* Exhibits 1A and 1B to the Declaration of D. Jinkins.

This Court has broad discretion to enforce its own decrees. *See Tivo Inc. v. EchoStar Corp.*, 646 F.3d 869, 881 (Fed. Cir. 2011) (en banc). All that is required to initiate contempt proceedings is a "detailed accusation from the injured party setting forth the alleged facts constituting contempt." *Id*. To demonstrate contempt, FURminator is required to show "1) that a court order was in effect, 2) that the order required certain conduct by the respondent, and 3) that the respondent failed to comply with the court's order." *American Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 581 (5th Cir. 2000). Here, there is no question that there was an order in effect that required certain conduct (the Sanctions Order requiring payment of money); the question therefore is whether Mr. Rowald and or PetVac have paid the amount assessed against them as a sanction. *Tivo*, 646 F.3d at 881. They have not. See Exhibit 1, Declaration of D. Jinkins.

The purpose of a contempt sanction is to coerce compliance and to compensate complainant for losses sustained. *American Airlines*, 228 F.3d at 585. If the order compensates the complainant for losses resulting from the improper conduct, it is compensatory. *Id*. Here, FURminator has expended attorneys' fees in bringing this motion. As such, FURminator

- 3 -

requests that the Court order Mr. Rowald to compensate it for its reasonable attorneys' fees in bringing this motion. It is improper for an officer of the Court to ignore an Order of the Court, particularly one assessing sanctions against that attorney. Mr. Rowald's conduct in this case, including the falsification of the email and efforts made to hide this misconduct, is reprehensible. Mr. Rowald should be required to comply with the Court's Order.

For the foregoing reasons, FURminator respectfully requests that this Court issue an immediate show cause order requiring Mr. Kent Rowald to demonstrate why he is not in contempt of the Sanctions Order entered in this case (ECF No. 81).

Respectfully submitted,

**Truelove Law Firm**

By:/s/ J. Kurt Truelove
J. Kurt Truelove
100 West Houston.
P.O. Box 1409
Marshall, Texas 75671
(903) 938-8321
(903) 215-8510 (fax)

and

**Thompson Coburn LLP**

Steven E. Garlock
David B. Jinkins
Matthew A. Braunel
One US Bank Plaza
St. Louis, MO  63101
(314) 552-6000
(314) 552-7000 (fax)

*Attorneys for the Plaintiff
FURminator, Inc.*

- 4 -

**CERTIFICATE OF CONFERENCE**

Plaintiff's counsel has attempted to contact counsel for PetVac to resolve the matters presented in the foregoing motion. Those attempts to reach PetVac's counsel have not been successful. For these reasons, the motion should be treated as opposed.

This 27th day of March, 2012.

/s/ J. Kurt Truelove

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of this document via email, facsimile and/or U.S. First Class Mail on March 27, 2012.

/s/ J. Kurt Truelove