IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FURMINATOR INC., | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:08-cv-338 |
| | § | |
| PETVAC GROUP, LLC | § | |
| Defendant. | § | |
| | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are FURminator, Inc.'s ("FURminator") Motion for Contempt against

PetVac Group, LLC ("Petvac") (Dkt. No. 80) and Motion for Contempt against Attorney Kent A.

Rowald ("Rowald") (Dkt. No. 82).   The Court held a show-cause hearing on August 7, 2012 to

allow PetVac and Rowald an opportunity to demonstrate why they should not be held in contempt

in this case.   After carefully considering the parties' written submissions and the arguments of

counsel, the Court **DENIES** these particular motions without prejudice.   Also, and significantly,

during a review of the record in this case, the Court became aware of circumstances that may

establish a prima facie showing of additional misconduct by Mr. Rowald.   Such additional

misconduct, in the Court's view, warrants referral of the same to the Chief Judge of the Eastern

District of Texas and to the Office of the Chief Disciplinary Counsel for the State Bar of Texas so

that they may each consider whether disciplinary measures are warranted.

## I.      Factual and Procedural Background

On September 8, 2008, FURminator filed this patent infringement suit against PetVac,

alleging infringement of U.S. Patent No. 7,334,540 ("the '540 Patent"), which eventually resulted

in an entry of judgment in FURminator's favor on August 26, 2011.   From the beginning to the end of the case, both PetVac and Mr. Rowald engaged in repeated conduct that can only be viewed as serious litigation misconduct.   Such conduct ultimately lead Judge T. John Ward (who was then presiding over this case) to enter judgment against PetVac and assess severe monetary sanctions against PetVac and Rowald.   (Dkt. No. 73.)   The most egregious allegation of misconduct stems from a fraudulent and fictitious email that Mr. Rowald attached as an exhibit to a filing with this Court.   The final judgment against PetVac included an award of monetary damages to FURminator and the issuance of a permanent injunction regarding the infringing products at issue in the case.   The sanction against Mr. Rowald resulted in a $60,000 award in favor of FURminator.   Additionally, Judge Ward notified the then serving Chief Judge of the Eastern District of Texas (now retired Judge David Folsom) of Mr. Rowald's misconduct and recommended that a disciplinary investigation be commenced.   *Id.* at 10.

Pursuant to Local Rule AT-2(d)(2)(A), then Chief Judge Folsom polled the judges of the district and subsequently on September 2, 2011, entered a Show Cause Order directed to Mr. Rowald.   (5:11-mc-2, Dkt. No. 1.)   Mr. Rowald filed a response and Chief Judge Folsom held a hearing on November 10, 2011 to determine whether the email at issue was authentic or fraudulent.   (5:11-mc-2, Dkt. No. 11 at 3.)   After the hearing, while the matter was under submission, Mr. Rowald mailed a letter to Chief Judge Folsom offering to voluntarily surrender his license to practice law within the Eastern District of Texas for a period of two years, subject to his motion to withdraw in the above-captioned case.   (5:11-mc-2, Dkt. No. 19 at 2.)   Chief Judge Folsom accepted this offer and Mr. Rowald voluntarily surrendered his license to practice in the United States District Court for the Eastern District of Texas for a period of two years.   At present, this period is ongoing.   Further, and significantly, Judge Folsom ordered Mr. Rowald to provide a

2

copy of this Order, together with a copy of Judge Ward's August 5, 2011 opinion in the above-captioned case, to the Office of the Chief Disciplinary Counsel for the State Bar of Texas. *Id.* Chief Judge Folsom also expressly ordered Mr. Rowald to file a Notice of Compliance evidencing his compliance with such order by no later than March 29, 2012.   *Id.*

Separate and apart from the above discussion of the disciplinary proceedings against Mr. Rowald, FURminator filed the two motions for contempt now before the Court in the above-captioned case.   (Dkt. No. 80 and 82.)   With regard to PetVac, FURminator's motion for contempt alleges that PetVac disregarded Judge Ward's injunction and continued to sell the infringing products barred by this Court's injunction.   In light of this conduct, FURminator asked this Court to: (1) issue an immediate show cause order requiring PetVac to demonstrate why it is not in contempt of the judgment entered in this case; (2) assess sanctions against PetVac Group LLC for FURminator's reasonable attorneys' fees in bringing this motion; (3) order an accounting to determine any continued willful infringement of the patent in suit; and (4) assess sanctions against PetVac and its CEO, Evan Matsumoto, in the amount of $1,000 per day if compliance with the injunction does not begin within 24 hours of this Court's Order.   (Dkt. No. 80.)

With regard to Mr. Rowald, FURminator filed a motion for contempt for failure to pay the $60,000 sanction awarded by Judge Ward in the August 5, 2011 opinion and order discussed above.   Considering Mr. Rowald's failure to pay such sanctions, FURminator asked this Court to issue a show cause order requiring Mr. Rowald to demonstrate why he should not be held in contempt of Judge Ward's sanctions order and to impose additional sanction against Mr. Rowald.

## II.    Motion for Contempt Regarding PetVac (Dkt. No. 80)

The Court issued an order on June 26, 2012 requiring PetVac's CEO, Evan Matsumoto, to appear for a show cause hearing regarding FURminator's allegations that PetVac should be held in

contempt of Court for violating the permanent injunction put in place by this Court.   (Dkt. No. 83.)   On August 5, 2012, the Court received a letter from Mr. Matsumoto stating that he did not have the financial resources to attend the show cause hearing and indicating that neither he nor any other corporate representative of PetVac would appear.   (Dkt. No. 85.)   In his letter, Mr. Matsumoto further states that his company, PetVac Group LLC, dissolved over a year ago and that neither PetVac, nor he, has sold the infringing product subject to the injunction order.   *Id.*

During the show-cause hearing held on this issue on August 7, 2012, the Court heard argument from FURminator's attorney regarding the alleged continued infringement by PetVac. No independent testimony or evidence was presented.   After carefully considered the same, the Court **DENIES** the Motion for Sanctions against PetVac without prejudice.   In the Court's view, FURminator has not presented sufficient evidence to demonstrate that additional sanctions are warranted against PetVac at this time.   A judgment was entered by the Court on September 30, 2011 awarding FURminator damages in the amount of $70,577.25.   This judgment is now final and non-appealable and the traditional course for FURminator is to pursue active collection on this judgment via the various writs and processes available through both state law and the Federal Rules of Civil Procedure.

### III.    Motion for Contempt Regarding Mr. Rowald (Dkt. No. 82)

PetVac also seeks an additional finding of contempt against Mr. Rowald based on his failure to pay the $60,000 sanction awarded by Judge Ward to FURminator.   (Dkt. No. 82.) During the show-cause hearing, the Court again questioned FURminator's attorneys regarding the necessity of an additional sanction.   In the Court's view, a final, non-appealable judgment has been awarded against Mr. Rowald and FURminator is best served by pursuing collection of such award via the various writes and processes available to FURminator through both state law and the

4

Federal Rules of Civil Procedure.   The Court is reluctant at this time to award "sanctions upon sanctions" when FURminator has other tools at its disposal to collect its monetary award. Accordingly, the Motion for Contempt regarding Mr. Rowald is **DENIED** without prejudice.

### IV.    Possible Additional Misconduct by Mr. Rowald

During the course of its review of the history of this case, the Court discovered certain other facts that appear to rise to the level of additional professional misconduct by Mr. Rowald. As noted above, in his March 17, 2012 Order, Chief Judge Folsom ordered Mr. Rowald to undertake the following steps related to his litigation misconduct:

> The Court nonetheless hereby **ORDERS** Mr. Rowald to provide a copy of this Order, together with a copy of Judge Ward's August 5, 2011 opinion in the FURminator case (Civil Action No. 2:08-CV-338, Dkt. No. 73), to the Office of Chief Disciplinary Counsel, P.O. Box 13287, Austin TX, 78711.   The Court hereby **ORDERS** Mr. Rowald to comply with this paragraph – and to file in the above-captioned matter a Notice of Compliance stating his compliance with this paragraph – no later than **March 29, 2012**. The Court hereby orders that the Clerk's Office permit Mr. Rowald to file this Notice of Compliance even though the present order closes the above-captioned matter.

(5:11-cv-2, Dkt. No. 19.)[1]   As of August 10, 2012, no Notice of Compliance demonstrating Mr. Rowald's compliance with Chief Judge Folsom's Order has been filed in Case No. 5:11-mc-2.   At a minimum, even if Mr. Rowald complied with all the other provisions of Chief Judge Folsom's Order, Mr. Rowald failed to adhere to the Court's clear and direct order to file a written notice of compliance within the time specified.   At worst, Mr. Rowald may have disregarded this Order in its entirety.   In such a "worst case" scenario, the Office of the Chief Disciplinary Counsel of the State Bar of Texas may have no knowledge of any of these events.   To ensure that such is not the case, this Court directs the clerk to immediately deliver this Order, which includes a copy of Judge

---

[1]  A full copy of such Order is attached hereto as "Exhibit A" and is made a part hereof by reference for all purposes.

Ward's Order of August 5, 2011[2] to: The Office of Chief Disciplinary Counsel, P.O. Box 13287,

Austin, Texas 78711 (Attn: Hon. Linda Acevedo).   Such apparent continued misconduct by Mr.

Rowald is most troubling and in the Court's view, warrants a renewed submission to Chief Judge

Leonard Davis of the United States District Court for the Eastern District of Texas, so that he may

consider whether additional disciplinary measures are warranted.   Accordingly, the clerk is

further directed to immediately forward this Order to Chief Judge Davis, for such review and

investigation as he may deem proper.


**So ORDERED and SIGNED this 10th day of August, 2012.**



_____
RODNEY   GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[2] Attached as "Exhibit B."

6

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

|                          |                  |                  |
|--------------------------|------------------|------------------|
|                          | § | |
|                          | § | |
|                          | § | |
|                          | § | |
| IN THE MATTER OF         | § | |
| KENT A. ROWALD           | § | NO. 5:11-MC-2 |
|                          | § | |
|                          | § | |
|                          | § | |
|                          | § | |

**O R D E R**

This disciplinary matter arises out of an August 5, 2011 Memorandum Opinion and Order entered by Judge T. John Ward in *FURminator, Inc. v. PetVac Group, LLC*, Civil Action No. 2:08-CV-338, Dkt. No. 73. Judge Ward found that an e-mail attached as an exhibit to a brief filed by the defendant's attorney, Kent A. Rowald, was "fraudulent." *Id.* at 10. Judge Ward brought this to the undersigned's attention while the undersigned was serving as chief judge of the district. Pursuant to Local Rule AT-2(d)(2)(A), the undersigned polled the judges of the district and then entered a Show Cause Order to Mr. Rowald on September 2, 2011.[1] Dkt. No. 1.

Mr. Rowald filed a response. Dkt. No. 5. The Court held a hearing on November 10, 2011. 11/10/2011 Minute Entry, Dkt. No. 9. Mr. Rowald then filed a supplemental response with the Court's permission. Dkt. No. 10. Pursuant to Federal Rule of Evidence 706, the Court

---

[1] The Court's September 2, 2011 Show Cause Order cited Texas Disciplinary Rule of Professional Conduct Rule 8.02, which applies to statements made regarding "the qualifications or integrity of a judge." Dkt. No. 1 at 4. The proper citation is to Texas Disciplinary Rule of Professional Conduct Rule 8.04 regarding lawyer misconduct, including "conduct involving dishonesty, fraud, deceit or misrepresentation." The Court's citation of Local Rule AT-2(d)(1)(C), as well as the detailed narrative of the conduct that formed the basis for the Show Cause Order, have adequately put Mr. Rowald on notice of the conduct at issue. *See* Dkt. No. 1. Also, the Court noted the proper citation in a footnote to its October 25, 2011 Order setting the November 10, 2011 hearing. Dkt. No. 7.

1

appointed an expert to opine on whether the e-mail at issue was authentic or was fabricated or

fraudulent. 12/27/2011 Order, Dkt. No. 11 at 3. The expert prepared a written report (*see* Dkt.

No. 17, filed under seal) and provided a copy to Mr. Rowald, and the Court held another hearing

on February 22, 2012, during which the expert testified and was subject to examination by the

Court and cross-examination by Mr. Rowald. 2/22/2012 Minute Entry, Dkt. No. 15.

The Court has recently received a letter from Mr. Rowald agreeing to voluntarily

withdraw his bar membership in the Eastern District of Texas for a period of two years, subject

to his motion to withdraw in the *FURminator* case, Civil Action No. 2:08-CV-338. *FURminator*

is the only open case in this district in which Mr. Rowald is currently counsel of record.

Having satisfied the procedural requirements of Local Rule AT-2(d)(2)(A), the Court now

"enter[s] an appropriate order" as follows:

In light of Mr. Rowald's voluntary withdrawal of his bar membership in the Eastern

District of Texas, the above-captioned disciplinary matter is hereby **DISMISSED AS MOOT**.

The Court nonetheless hereby **ORDERS** Mr. Rowald to provide a copy of this Order,

together with a copy of Judge Ward's August 5, 2011 opinion in the *FURminator* case (Civil

Action No. 2:08-CV-338, Dkt. No. 73), to The Office of Chief Disciplinary Counsel, P.O. Box

13287, Austin TX, 78711. The Court hereby **ORDERS** Mr. Rowald to comply with this

paragraph—and to file in the above-captioned matter a Notice of Compliance stating his

compliance with this paragraph—no later than **March 29, 2012.** The Court hereby orders that

the Clerk's Office permit Mr. Rowald to file this Notice of Compliance even though the present

order closes the above-captioned matter.

Finally, the Court hereby **ORDERS** that if and when Mr. Rowald reapplies for bar

2

membership in the Eastern District of Texas in the future, Mr. Rowald must bring to the attention

of the chief judge of the district both this Order and Judge Ward's above-cited August 5, 2011

opinion in the *FURminator* case.

     **IT IS SO ORDERED.**

     **SIGNED this 16th day of March, 2012.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE

3

# **<u>EXHIBIT B</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| FURMINATOR, INC. | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 2-08-cv-338-TJW |
| PETVAC GROUP LLC. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court are FURminator's Second Motion to Strike (Dkt. No. 48) and

FURminator's Renewed Motion to Strike and for Sanctions (Dkt. No. 68).  The Court GRANTS

these motions and issues sanctions as outlined by this Memorandum Opinion and Order.

**I.      Factual and Procedural Background**

On September 8, 2008, Plaintiff FURminator, Inc. ("FURminator") brought this patent

lawsuit claiming that Defendant PetVac Group, LLC. ("PetVac") directly infringed its patent.

On September 29, 2008, Mr. Evan Matsumoto, the apparent CEO of PetVac, moved the Court

for a 120 day extension to answer or otherwise respond to the Complaint.  (Dkt. No. 6.)  Mr.

Matsumoto does not appear to be a licensed attorney.  Because corporations and partnerships (as

fictional legal persons) *must* be represented by a licensed attorney, the Court denied the motion

for an extension of time and ordered PetVac to answer the complaint or otherwise respond to

plaintiff's complaint within thirty (30) days of the Order (Dkt. No. 8). *Southwest Express Co.,*

*Inc. v. Interstate Commerce Comm.*, 670 F.2d 53, 55 (5th Cir. 1982).  On November 24, 2008,

Mr. Matsumoto moved the Court "for an extension in order to complete a Re-Examination of the

Plaintiff's patent by the USPTO."  (Dkt. No. 9.)  At the time the motion was filed, PetVac had

over 85 days in which to answer FURminator's Complaint.  In addition, Plaintiff represents to

the Court that when the motion was filed there was no re-examination of FURminator's patent

pending before the USPTO.

As a result of the above activities, on January 27, 2009, FURminator requested that the Court enter default judgment against PetVac and also set a hearing to determine the appropriate amount of damages to be awarded to FURminator and whether a permanent injunction should issue enjoining PetVac from further infringement of FURminator's patent.  (Dkt. No. 12.) However, on February 6, 2009, Mr. Kent A. Rowald filed an answer to the complaint on behalf of PetVac. (Dkt. No. 13.)  And on February 17, 2009, PetVac filed a response to FURminator's motion for entry of default judgment.  (Dkt. No. 14.)  FURminator then filed, on March 2, 2009, its first motion to strike the Answer and Counterclaims filed by PetVac arguing that PetVac failed to seek leave of Court to file its untimely answer and counterclaims.  (Dkt. No. 18.)  On March 9, 2009, the Court entered an Order denying FURminator's motion for entry of default judgment stating that PetVac was now represented by counsel and had answered the original complaint.  (Dkt. No. 23.)  On May 7, 2009, the Court entered an Order denying FURminator's motion to strike the Answer and Counterclaims.  (Dkt. No. 24.)

On December 14, 2009, a status conference was held, and PetVac's counsel failed to appear at the status conference.  On January 19, 2010, the Court entered a Docket Control Order and Discovery Order.  On March 2, 2010, the Court entered a stipulated Protective Order.

Then on April 15, 2010, FURminator filed a motion to strike pleadings arguing that PetVac had consistently refused to abide by this Court's Discovery Order, Docket Control Order, and the Local Patent Rules for the Eastern District of Texas.  (Dkt. No. 43.)  Specifically, FURminator argued that PetVac: (1) failed to timely answer FURminator's complaint; (2) failed to appear at this Court's status conference; (3) failed to notify the Court and FURminator whether it consents to trial before the Magistrate Judge; (4) failed to timely serve invalidity

contentions; (5) failed to submit proposed terms and claim elements for construction; and (6) failed to produce a single document to FURminator. As a result, on May 25, 2010, the Court held a hearing regarding FURminator's motion to strike. At the hearing the Court gave instructions to Mr. Rowald, struck PetVac's invalidity contentions as sanctions, and ordered PetVac to comply with the discovery order within 21 days, which included PetVac providing written responses if documents were not available.

FURminator filed another motion to strike pleadings on June 18, 2011. FURminator argued that as of that day (24 days from the date of the Court's oral Order), PetVac had neither produced documents in response to the Court's Order nor provided written responses. (Dkt. No. 48.) FURminator argued that PetVac has already been sanctioned for its improper conduct and that PetVac's actions indicated that no lesser sanction will suffice because it had been given ample opportunity to cure its failure to comply. FURminator noted that PetVac continued to refuse to participate in discovery in compliance with the Court's Orders (*see* Dkt. Nos. 31 & 46) and that PetVac's non-compliance was willful.

On June 21, 2010, the Court entered an order requiring PetVac to respond to FURminator's Second Motion to Strike Pleadings of PetVac, including the allegations of non-compliance, by Thursday, June 24, 2010. (Dkt. No. 49.) On June 24, 2010, PetVac responded to FURminator's motion and the Court Order. (Dkt. No. 50.) The response claimed that PetVac contacted FURminator concerning its production on June 15 and attached an email to this effect, purportedly sent to Thompson Coburn Attorney Jonathan G. Musch. (Dkt. No. 50 at 1 and 4.) In its response, FURminator represented to the Court that the email submitted by PetVac as Exhibit A was not received by Mr. Musch's Thompson Coburn electronic mail account. (*See* Dkt. No. 51-1.) FURminator performed an audit of Mr. Musch's electronic mail account over the twelve-

3

hour period in which the email was purportedly sent. *Id.* The audit reflected no email from Kent Rowald (krowald@patentlawyers.com) on June 15, 2010 at any time between noon and midnight, much less at 5:35 PM. *Id.* FURminator also verified that the email was not redirected by a spam filter. Additionally, FURminator argued that a review of the document attached as Exhibit A to PetVac's response (*i.e.*, the alleged email) displayed facial irregularities that might indicate it was fraudulent.

On July 16, 2010, the Court set a hearing regarding FURminator's allegation that the email was never received and has facial irregularities that suggest it is fabricated. The Court invited the parties to present evidence demonstrating the authenticity or forgery of the email. The Court also ordered PetVac to preserve all evidence related to this email account. On July 27, 2010, the Court conducted the hearing on FURminator's Second Motion to Strike Pleadings of PetVac. At the hearing, PetVac represented to the Court that it would submit to FURminator the documents identified in the letter dated June 22, 2010. (*See* Dkt. No. 50 at 5.) The Court Ordered PetVac to file a notice with the Court that such production has been completed no later than Wednesday, July 28, 2010. (Dkt. No. 54.) The Court also instructed the parties that should FURminator choose to further pursue the allegations relating to the email dated June 15, 2010 (*see* Dkt. No. 48, at 4), FURminator had one week to submit a proposal for the use of a forensic expert to investigate those allegations, and that PetVac had one week after service of the proposal to file any objections. On July 28, 2010, PetVac provided the Court notice that the production of documents was duplicated and re-served on FURminator's counsel. (Dkt. No. 55.)

On August 3, 2010, FURminator submitted a proposal to determine whether Mr. Rowald's computer contains evidence that Mr. Rowald created and sent the email on the purported date of June 15 and to determine whether the hard drive evidences the authenticity of

4

the email.  (Dkt. No. 56.)  On August 6, 2010, Mr. Rowald filed a notice of objection to the

forensic analysis.  (Dkt. No. 57.)  Four days later, Mr. Rowald filed a notice relating to the

proposed inspection of his computer. (Dkt. No. 58.)  In that notice, Mr. Rowald represented to

the Court that:

> Sometime between Friday, August 6, 2010, at about 7:30 p.m. and Monday,
> August 9, 2010, at approximately 8:30 a.m., the office of counsel for PetVac
> was subjected to a robbery.  Counsel left the office on Friday, August 6 just after filing
> the objections in this matter to attend a parade in Tomball that evening. He did not
> return to the office until Monday morning, whereupon he discovered the front
> door to his office locked, but standing open. A quick check of the office showed
> that several small electronic devices in the office were missing, most notably a
> clock radio and counsel's laptop, which had been taken from its docking station
> on his desk. This was immediately reported to the local police and an
> investigation is on-going.  However, as of the date of this notice, no leads have, to
> the best of counsel's knowledge, been discovered and the laptop remains missing.

FURminator then attempted to collect evidence concerning the alleged email and the theft

via a subpoena.  Specifically, FURminator filed a motion for contempt and to compel compliance in

the Southern District of Texas.  *See FURminator, Inc. v. PetVac Group LLC*, 4:10-mc-480, Dkt. No.

1 (S.D. Tex. Nov. 19, 2010) (hereafter, "*FURminator*, 4:10-mc-480").  In its motions, FURminator

moved the court to compel responses to a subpoena issued on Mr. Rowald and for an order finding

Mr. Rowald in contempt under Federal Rule of Civil Procedure 45(e).  The purpose of the subpoena

was to obtain evidence to determine whether Mr. Rowald could prove that he sent the particular

email to counsel for FURminator.  The subpoena was issued from the Southern District of Texas in

connection with the present case.  FURminator's motion was set for a hearing on December 21,

2010, and Mr. Rowald personally appeared at the hearing. (*FURminator*, 4:10-mc-480, Dkt. No. 12.)

Neither Mr. Rowald nor PetVac produced any documents in response to the subpoena (other than a

list of untimely objections) at the December 21, 2010 hearing.  Judge Kenneth M. Hoyt ordered Mr.

Rowald to produce multiple categories of documents to FURminator's counsel.  Judge Hoyt's order

also stated that:

> Mr. Rowald is ordered to appear and shall be required to comply with the production of the foregoing documents by personally bringing them to the courtroom of the Hon. Kenneth M. Hoyt, United States District Judge for the Southern District of Texas, at 9:00 a.m. on January 6, 2011. The documents shall be organized according to the aforementioned subsections in this Order to which they are responsive, and the production of these documents shall otherwise comply with the Federal Rules of Civil Procedure. Mr. Rowald shall provide a courtesy copy of these documents to both the Court and Plaintiff's counsel for review on January 6, 2011. Mr. Rowald shall remain in the courtroom on January 6, 2011 until released by the Court.

> IT IS FURTHER ORDERED that this Court awards all costs and attorney fees incurred with the filing and enforcement of the Plaintiff's Motion for Contempt and to Compel Compliance with a Subpoena filed November 19, 2010 (ECF No.1). Upon the conclusion of the hearing on January 6, 2011, the Court will consider an application for such costs and attorney fees.

On January 6, 2011, Judge Hoyt conducted a hearing to determine compliance with the subpoena. The docket entry for the minutes states that "Mr. Rowald has not complied with the subpoena. Court orders that he be incarcerated until he is willing to sign authorization form presented by pltfs. Mr. Rowald signs the form to avoid incarceration but notes that he does so under objection." On December 29, 2010, Judge Hoyt also granted FURminator's Motion for Fees and Costs as Sanctions Against Kent Rowald, and ordered Mr. Rowald to pay the sum of $16,694.49. (*FURminator*, 4:10-mc-480, Dkt. No. 13.) The December 29 Order also required Mr. Rowald to file a copy of the Order with the Clerk of this Court and deliver a courtesy copy to the chambers of the undersigned.

Although FURminator was unable to secure the requested documents from Mr. Rowald, FURminator was eventually able to secure the information it needed from Google, the host of Mr. Rowald's email account. FURminator served a subpoena on Google, Inc. on January 12, 2011, and provided notice to counsel for PetVac. This subpoena sought transmission logs, or logs tracking incoming and outgoing emails directed to Mr. Rowald's "krowald@patentlawyers .com" email address. Transmission logs are important because they contain "header

6

information" (i.e., the "to," "from," "email routing information," and time/date stamp) for emails. Google was able to locate the header information relating to June 15, 2010 between 5 p.m. Central and 7 p.m. Central, and produced this information to FURminator. (*See* Dkt. No. 68-3.) The header information (produced by FURminator in portable document format or "PDF" for purposes of filing) discloses a variety of emails sent to, and received from Mr. Rowald at his krowald@patentlawyers.com email address on June 15, 2010. (Dkt. No. 68-8.) None of the emails are directed to Jonathan Musch at Thompson Coburn LLP.

With this background, the Court held a hearing on FURminator's motion for sanctions and motion to strike on July 27, 2011. (*See* Dkt. No. 72.) The notice for the hearing was sent to the parties via the electronic court filing system on June 2, 2011. Neither Mr. Rowald nor a representative for PetVac attended the hearing or raised concerns with the scheduled time of the hearing. At the hearing, FURminator contended that the evidence established that PetVac and its counsel misled this Court and that the alleged email was never sent as represented to the Court. Given the uncontested evidence, the Court agrees and finds that because of the knowing and willful nature of this misconduct, sanctions are appropriate.

## II.    Legal Standard

Federal Rule of Civil Procedure 37 authorizes sanctions for failure to comply with discovery orders. This Court may bar the disobedient party from introducing evidence, or it may direct that certain facts shall be "taken to be established for purposes of the action . . . ." Rule 37 also permits this Court to strike claims from the pleadings and even to "dismiss the action . . . or render a judgment by default against the disobedient party." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763 (1980). "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Id.* at 763-64 (citation omitted).

7

Rule 37(b)(2) requires that any sanction be just and that the sanction must be related to the particular claim which was at issue in the order to provide discovery. *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 413 (5th Cir. 2004) (citations omitted) (sanction was a finding of alter ego rooted in party's behavior regarding discovery related to the alter ego issue). Further, the penalized party's discovery violation must be willful. *United States v. $ 49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003). Finally, a severe sanction under Rule 37 is only to be employed where a lesser sanction would not substantially achieve the desired deterrent effect. *Id.*

In addition to Rule 37, this Court also has inherent powers to enter sanctions. The inherent powers of this Court are those which "are necessary to the exercise of all others." *Roadway Express*, 447 U.S. at 764 (citation omitted). The contempt sanction is the most prominent inherent power, "which a judge must have and exercise in protecting the due and orderly administration of justice and in maintaining the authority and dignity of the court." *Id.* (citation omitted). The Fifth Circuit has recognized that the inherent power "is necessarily incident to the judicial power granted under Article III of the Constitution." *Gonzalez v. Trinity Marine Group, Inc.,* 117 F.3d 894, 898 (5th Cir. 1997) (quoting *Woodson v. Surgitek, Inc*., 57 F.3d 1406 (5th Cir. 1995)). When inherent powers are invoked, however, they must be exercised with "restraint and discretion." *Id*. Therefore, severe sanctions should be confined to instances of "bad faith or willful abuse of the judicial process." *Id.* In any event, when parties exploit the judicial process, a court may sanction conduct beyond the reach of other rules. *Natural Gas Pipeline v. Energy Gathering, Inc.,* 2 F.3d 1397, 1407 (5th Cir. 1993). That is, a district court is "free to fashion any sanction appropriate to punish recalcitrant parties and to deter those similarly situated." *Batson v. Neal Spelce Assoc., Inc.,* 765 F.2d 511, 516 (5th Cir. 1985).

### III.     Findings and Sanctions

In the light of the record in this case, the Court makes the following findings and determines that:

1.      PetVac[1] has willfully violated this Court's Orders, including its Discovery Order, on more than one occasion.  First, PetVac willfully violated this Court's October 22nd order when it failed to answer or otherwise respond to the complaint within thirty days.  Instead of following the Court's order, PetVac filed a second motion to extend. (Dkt. No. 9.)  The Court notes that PetVac had notice and knowledge of the October 22nd Order as evidenced by the filing of the motion to extend.  Importantly, at the time the motion was filed, PetVac had over 85 days to answer FURminator's Complaint.

2.      It was not until FURminator moved the Court to enter default judgment that PetVac finally obtained counsel and filed an answer on February 6, 2009.  This was 151 days after FURminator filed its complaint.  In addition, the motion was filed without leave of Court. The Court ultimately allowed the answer even though it was filed in violation of the Court's October 22nd Order.  PetVac's counsel, Mr. Rowald, then failed to appear at the December 14, 2009 status conference.

3.      FURminator then filed a motion to strike on April 15, 2010 as a result violations of the Discovery Order.  The Court found that the violation of the Court's Discovery Order by PetVac was willful, and the Court provided appropriate sanctions at that time, including striking PetVac's invalidity contentions.  (*See* Dkt. No. 46.)  Those sanctions were apparently not enough to deter PetVac's conduct, as PetVac continued to willfully violate the Court's Discovery Order. PetVac's continued willful violations of the Court's Discovery Order were brought to the Court's

---

[1]     In the Findings in this section, when the Court refers to "PetVac" and its conduct, it is referring to the company.  If the Court is referring to the conduct of its attorney, Mr. Rowald, it will specifically mention Mr. Rowald by name.

attention on June 18, 2010 by another motion by FURminator.  (Dkt. No. 48.)  PetVac's response (Dkt. No. 50) included the fraudulent email by Mr. Rowald.  Due to the investigation of the email, the Court is only now able to fully address PetVac's discovery violations presented by FURminator's motion to strike of June 18, 2010.  (Dkt. No. 48.)

4.     The Court's Order of July 28, 2010 (Dkt. No. 54) only partially addressed FURminator June 18, 2010 motion.  At that time, the Court did not have clear and convincing evidence to conclude that the June 15 email was fraudulent.  That is, if the email was not fraudulent, then PetVac's action with respect to discovery may have been more reasonable.  But the Court is now convinced that the email was fraudulent.  This is particularly evident from the information provided by Google that the email was never sent by Mr. Rowald.  Therefore, as to Mr. Rowald, this email has prompted the Court to take the proper steps to alert the Chief Judge of the Eastern District of Texas of the need to potentially take disciplinary measures.  The Court does not have sufficient evidence to determine whether or not PetVac knew about and/or supported Mr. Rowald's efforts to forge the email.  Nevertheless, because the Court now knows the email was fraudulent (unlike it did when it issued its July 28, 2010 Order), the Court can conclude that PetVac willfully violated the Court's Discovery Order.  As a result of this conduct, the Court is issuing sanctions against PetVac.

5.     To the extent PetVac might argue that the Court is sanctioning the company for actions of its counsel Mr. Rowald, PetVac would be misplaced.  First, PetVac's violations of this Court's Orders began before it had counsel, as evidenced above, by not complying with the Court's October 22nd Order.  Second, the Court is not sanctioning PetVac for the fraudulent email, rather, the fraudulent email merely proves that PetVac was not complying with the Court's Discovery Order, and the Court is sanctioning PetVac for this failure to comply with the

Court's Discovery Order for at least the second time.

6.      Therefore, the Court GRANTS FURminator's Second Motion to Strike (Dkt. No. 48) and FURminator's Renewed Motion to Strike and for Sanctions (Dkt. No. 68).  Accordingly, the Court strikes PetVac's answer and counterclaims; the Court hereby orders entry of default and judgment by default against Defendant PetVac; and the Court awards FURminator attorneys' fees and expenses relating to its effort of proving-up the fraudulent email.[2]

7.      The Court notes that these sanctions are severe, but lesser sanction against PetVac for similar conduct has not deterred PetVac from continuing to violate this Court's orders. Further, though the Court could sanction under its inherent power as described above, the sanctions above are imposed by virtue of the statutory authority vested in this Court by Federal Rule of Civil Procedure 37(b)(2)(A)(iii), 37(b)(2)(A)(v), 37(b)(2)(A)(vi), and 37(b)(2)(C).

## IV.    Conclusion

In conclusion, the Court GRANTS FURminator's Second Motion to Strike (Dkt. No. 48) and FURminator's Renewed Motion to Strike and for Sanctions (Dkt. No. 68).  It is hereby ORDERED that: (1) PetVac's answer and counterclaims are stricken; (2) default and judgment by default is entered against PetVac; and (3) FURminator is awarded attorneys' fees and expenses relating to its effort of proving-up the fraudulent email.  The Court shall hold a hearing on Tuesday, August 23, 2011, at 9:30 AM, which it will determine the appropriate amount of damages to be awarded to FURminator and whether a permanent injunction should issue against PetVac.

---

[2]      The Court's award includes only attorneys' fees and expenses that FURminator was not previously compensated for by Judge Hoyt's sanctions against Mr. Rowald.

It is so ORDERED.

SIGNED this  5th  day of August, 2011.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE